FILED
2020 Oct-07  PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| PATTI FORD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO.: |
| | ) |
| SUN LIFE ASSURANCE COMPANY | ) |
| OF CANADA (U.S.) and | ) |
| AMEDISYS HOLDING, L.L.C., | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT

1. Plaintiff, PATTI FORD, [hereinafter referred to as "Plaintiff"], is over the age of nineteen (19) years and is a resident of Alabama. The Plaintiff was previously employed by Amedisys and eligible for group benefits while employed in Alabama.

2. Defendant SUN LIFE ASSURANCE COMPANY OF CANADA (U.S.), [hereinafter referred to as "Sun Life"], is an ERISA fiduciary and/or plan administrator providing benefits for the Plaintiff in the State of Alabama and otherwise doing business in the Western Division of the Northern District of Alabama.

3. Defendant AMEDISYS HOLDING, L.L.C, formerly known as AMEDISYS, INC.[hereinafter referred to as "Amedysis"] upon information and belief, is the Plaintiff's employer and the named Plan Administrator of the Life and Disability Plan for Employees of Amedysis, a group benefits plan providing benefits for employees in the State of Alabama. Amedysis is a resident of Louisiana and otherwise doing business in the State of Alabama and the Western Division of the Northern District of Alabama.

## FACTUAL ALLEGATIONS

4. Defendants Sun Life and Amedysis, issued a short term and long term disability insurance policy to Amedysis for the benefit of the Plaintiff in consideration of the premiums provided by or on behalf of the Plaintiff through a group disability insurance plan for employees of Amedysis.

5. The plan benefits issued by Amedysis and Sun Life provide coverage to the Plaintiff for loss of income as a result of disability.

6. Benefits pursuant to the disability plan and insurance contract were available to Plaintiff at all times relevant to this Complaint.

7. Prior to April 30, 2019 Plaintiff was an employee of Amedysis.

8. Plaintiff suffers from total disability. Plaintiff has been diagnosed by her physician as being disabled and not able to work full time.

9. Plaintiff filed a claim for benefits under her Amedysis benefits plan for her disability benefits. Plaintiff submitted a signed medical release authorization to Defendants for her disability claim.

10. Defendants initially paid Plaintiffs disability benefits.

11. On or about October 8, 2019, Defendants Sun Life sent a letter to Plaintiff and denied Plaintiff's disability insurance benefits, which stated an effective back-date of August 16, 2019. The legal name of the underwriter is not identified in the letter.

12. The October 3, 2019 letter was sent on "Sun Life" letterhead and identifies an entity as "Sun Life Financial". The employee that signed the letter represented herself as an employee of "Sun Life Absence Management Services".

13. The Alabama Secretary of State does not identify any entity known as "Sun Life

Absence Management Services" as authorized to conduct business in Alabama.

14. On December 16, 2019 Plaintiff timely requested an administrative appeal review of the claim denial decision, and also to produce a copy of all claim file documents.

15. Defendant Sun Life failed to respond to Plaintiff's appeal request and never produced the claim file documents.

16. On March 6, 2020 Plaintiff, again, timely requested administrative appeal review of the claim denial decision. The second request was submitted to two separate contact addresses identified within Defendant's denial letter.

17. Defendant Sun Life failed to respond to the March 6, 2020 letter and continued to deny Plaintiff's disability insurance benefits.

18. Defendants Sun Life and Amedysis ignored the disability diagnoses and letter from Plaintiff's treating physician. Upon information and belief, Defendants Sun Life and Amedysis relied on Sun Life's in-house layperson case worker and denied the Plaintiff's claims.

19. Upon information and belief, Sun Life's in-house case worker is neither licensed nor qualified as a medical doctor.

20. On May 14, 2020 the Social Security Administration issued a Finding of total disability for the Plaintiff. The Social Security Administration found that the Plaintiff cannot perform sustained work activity, on and after the disability onset date.

21. Upon information and belief, the language of the disability plan expressly contemplates a plan participant's disability claim with the Social Security Administration.

22. Defendants failed to provide an appeal of the benefit denial. The Plaintiff has exhausted her administrative remedies pursuant to the terms of the disability plan.

23. Plaintiff alleges that at the time the disability claims were filed with Defendants

Sun Life and Amedysis, the Plaintiff was a beneficiary of the disability plan, life insurance plan and was an insured under the insurance policies. Plaintiff submitted a medical release authorization and filed the proper claim forms and all other forms necessary for payment under the disability benefit. At all times subsequent to April 30, 2019, Plaintiff has been entitled to disability benefits, and other ERISA insurance benefits that may flow from her disability.

24. Defendants Sun Life and Amedysis breached the Plan language and terminated the Plaintiff's disability benefits.

## COUNT I
## VIOLATIONS OF THE EMPLOYEE
## RETIREMENT INCOME SECURITY ACT

25. Plaintiff adopts and incorporates paragraphs one through 25 as if fully stated herein.

26. Defendants Sun Life and Amedysis had a duty to pay benefits under the disability insurance as set forth in the Employee Retirement Income Security Act of 1974 (ERISA).

27. Defendants Sun Life and Amedysis failed to pay the Plaintiff the benefits under the terms of the disability plan, and/or other insurance benefits provided to Plaintiff under her ERISA plan.

28. Defendant Sun Life is an insurance company that pays claims from its own assets. Upon information and belief, Sun Life is a wholly owned subsidiary of a publicly traded, for-profit corporation known as Sun Life Financial, Inc.

29. Upon information and belief, Defendant Sun Life has a conflict of interest in paying claims and reducing its own assets.

30. Defendants Amedysis and Sun Life terminated and failed to pay the Plaintiff the benefits after August 16, 2019 and breached the terms of the disability insurance policy and plan.

31.     Defendants Amedysis and Sun Life are fiduciaries and/or carry out fiduciary responsibilities for Plaintiff's disability benefits.

32.     Defendants Amedysis and Sun Life violated the provisions of ERISA, including but not limited to 29 U.S.C. §1001, et seq.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests judgment against the Defendants Amedysis and Sun Life as follows:

(A)     payment of disability benefits under the short term and long term disability plans pursuant to ERISA § 502;

(B)     payment of disability benefits under other insurance then-existing plans pursuant to ERISA § 502;

(C)     enforce "make whole" relief for the Plaintiff pursuant to ERISA § 502;

(D)     reasonable costs;

(E)     interest;

(F)     attorneys fees; and

(G)     such other relief as the Court may deem just and proper.

/s/ Jeff S. Daniel
Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama 35213
Telephone:   (205) 531-1287
Facsimile:   (205) 327-5773

Defendants' Address for Service:

Sun Life Assurance Company of Canada (U.S.)
c/o The Corporation Company
60 Commerce St.
Montgomery, AL 36104-3530

Amedisys Holding, L.L.C.
c/o CT Corporation System
2 No. Jackson St., Suite 605
Montgomery, AL 36104

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**